

**IT IS ORDERED as set forth below:**

**Date: June 5, 2019**

_____

Paul W. Bonapfel
U.S. Bankruptcy Court Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE | |
| ANDRE MARTIN, | CHAPTER 13 |
| Debtor(s); | CASE NO. 18-53680-PWB |
| CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A. | CONTESTED MATTER |
| Movant, | |
| Vs. | |
| ANDRE MARTIN, Debtor(s); ROBIN MARTIN, Codebtor; MARY IDA TOWNSON, Trustee; | |
| Respondent(s). | |

## ORDER

NOW COMES, The Motion for Relief from Automatic Stay filed by Capital One Finance, A Division of Capital One, N.A. (the "Movant") filed on March 4, 2019, docket (#31). Movant claims a security interest in Debtor's vehicle: 2014 CHEVROLET TRUCK Equinox Utility 4D LS 2WD, VIN: 2GNALAEK5E1176671 (the "Collateral"). Movant, by counsel, filed a Certificate of Service and contends proper service of the Motion.

A hearing on the Motion was held on May 8, 2019 at 01:30 PM to allow the parties to agree to terms. There was no appearance by the codebtor at the hearing.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below:

1. Debtor shall continue to remit to Movant regular monthly Payments with the next payment due on May 22, 2019.

2. As of May 8, 2019, Debtor owes a delinquency balance of $969.44. The delinquency balance is inclusive of $484.72 in pre-petition arrears and $484.72 in post-petition arrears.

3. Debtor shall cure the delinquent balance within 6 months of the entry date of this Order;

4. Debtor shall maintain complete comprehensive and collision insurance on the Collateral;

5. Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner upon entry of the Order of Discharge.

6. In the event (1) Movant does not receive payments as set forth above or (2) Debtor fails to keep the Collateral insured the Automatic Stay of 11 U.S.C. §362 shall terminate as it relates to Movant and the Collateral. Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the Collateral.

7. The Strict Compliance Provisions of this Order Shall expire on November 16, 2019.

**IT IS FURTHER STIPULATED THAT:** the parties agree that Movant may immediately enforce and implement this Order. Additionally, upon default, Movant shall notify the Court, Debtor, Debtor's attorney, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

IT IS SO ORDERED.

[END OF DOCUMENT]

PREPARED and PRESENTED BY:

By: /s/ *Germani G. Hunt*
Germani G. Hunt
Georgia Bar No: 290515
P.O. Box 1577
PMB 90656
Atlanta, Georgia 30301
Tel: (888) 220-0919
Fax: (877) 233-2454
germani@creditor-rights.com
Attorney for Movant

CONSENTED TO BY:

By: /s/ *Celia Washington*
Celia Washington
Georgia Bar No.: 044108
Clark & Washington, LLC
Bldg. 3,
3300 Northeast Expwy.
Atlanta, GA 30341

By: /s/ *Albert C. Guthrie*
Albert C. Guthrie
Staff Attorney
Georgia Bar No.: 142399
Mary Ida Townson
Chapter 13 Trustee
Suite 2200,
191 Peachtree Street, NE
Atlanta, GA 30303

## DISTRIBUTION LIST

Germani G. Hunt
Georgia Bar No: 290515
P.O. Box 1577
PMB 90656
Atlanta, GA 30301


Andre Martin
25 Cranbrook Way
Covington, GA 30016

E. L. Clark
Clark & Washington, LLC
Bldg. 3,
3300 Northeast Expwy.
Atlanta, GA 30341


Robin Martin
25 Cranbrook Way
Covington, GA 30016

Mary Ida Townson
Suite 2200,
191 Peachtree Street, NE
Atlanta, GA 30303-1740